IN THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF FLORIDA
(TAMPA DIVISION)

ANDRE LOVETT,

Plaintiff,

-vs-

CASE NO.: 8:13cv1797T33TBM

COMENITY, LLC

Defendant.

_____/

## COMPLAINT

Plaintiff, ANDRE LOVETT, by and through his undersigned counsel, sues the Defendant, COMENITY, LLC, and in support thereof respectfully alleges the following:

### JURISDICTION AND VENUE

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Chapter 559, *et seq.* ("FCCPA").

2. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees and cost.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§1331, 1332 and by Florida Statutes.

4. Venue is proper in this District because the acts and transactions and the alleged violations described herein occurred in Pinellas County, Florida.

### FACTUAL ALLEGATIONS

5. Plaintiff is a natural person, and citizen of the State of Florida, residing in Pinellas County, Florida.



1

6. Plaintiff is an alleged debtor as alleged in F.S. §559.55(2) and at all times material hereto, Defendant directed its collection efforts at Plaintiff, as more fully described herein, in a manner that can only be construed as alleging that Plaintiff was obligated to pay the subject debt defined herein.

7. Defendant is a corporation and a citizen of the State of Delaware with its *principal* place of business at 3100 Easton Square Place, Columbus, OH 43219.

8. Defendant is a "creditor" and/or "debt collector" as defined by F.S. §§559.55. Defendant sought to collect a debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt."

9. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

10. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass, all in an effort to collect the subject debt.

11. Each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1) and/or using an artificial or pre-recorded voice (hereinafter "autodialer calls").

12. Each of the autodialer calls the Defendant made to the Plaintiff's cellular telephone number was done so without the "prior express consent" of the Plaintiff.

13. In approximately January, 2013, Plaintiff began receiving autodialer calls from Defendant on his cellular telephone number, (727) 520-6870, concerning a debt which Plaintiff

had no knowledge of. Additionally, the prerecorded automated messages asked for a "Jenny Velasquez" whom Plaintiff has no knowledge of. Upon information and belief, Defendant's autodialer calls to Plaintiff were an attempt by Defendant to collect from him, a debt owed by "Jenny Velasquez."

14. After receiving several of these autodialer calls from Defendant, on or about January 5, 2012, Plaintiff was able to speak with a "live" representative of Defendant, and told the Defendant's representative that he was not the person Defendant was attempting to contact, and that he did not owe any debt to Defendant, and to stop calling his cellular telephone number.

15. Despite informing Defendant that he was not the person Defendant was attempting to contact, the autodialer calls to Plaintiff's cellular phone continued. While Plaintiff has not attempted to document each and every autodialer call from Defendant, attached hereto as **Exhibit "A,"** is a true and correct copy a list of some of the Defendant's autodialer calls to Plaintiff's cellular telephone number. **Exhibit "A"** is not a complete list of all of Defendant's autodialer calls, as Defendant has made many more calls than are reflected on **Exhibit "A."**

16. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or the Defendant, to remove the incorrect number.

17. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse directed at collecting the subject debt from Plaintiff.

18. Upon information and belief, Plaintiff received approximately twenty-nine (29) autodialer calls from Defendant, from January 1, 2013 through March 12, 2013, which have continued beyond January 29, 2013 (See **Exhibit "A"** attached hereto).

19. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals, like Plaintiff herein, advising Defendant that:

   (a) they are calling the wrong party;

   (b) they do not owe a debt to Defendant;

   (c) they are calling the wrong cellular telephone number; and

   (d) to stop calling.

20. Defendant knowingly employed methods and/or a corporate policy which provided no means for the Plaintiff to have his cellular telephone number removed from Defendant's autodialer call list and/or system.

21. Defendant knowingly employed methods and/or a corporate policy designed to harass and abuse individuals, like Plaintiff herein, and has set up their autodialer call system in a manner which makes it virtually impossible for the automated calls to stop.

22. Defendant has harassed and abused Plaintiff, in an effort to collect the subject debt, by knowingly employing methods that did not permit the removal of Plaintiff's cellular telephone number from Defendant's autodialer system and/or the cessation of calls to the Plaintiff.

23. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

24. Due to Defendant's constant calls and demands for payment and/or demands for location information for individuals other than Plaintiff, Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

Case 8:13-cv-01797-VMC-TBM   Document 1   Filed 07/12/13   Page 5 of 6 PageID 5

## COUNT I
### (Violation of the TCPA)

25. Plaintiff incorporates Paragraphs one (1) through twenty-four (24).

26. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

27. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff, specifically as to all autodialer calls made by Defendant to Plaintiff's cellular telephone after January 5, 2013.

28. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

## COUNT II
### (Violations of the FCCPA)

29. Plaintiff incorporates Paragraphs one (1) through twenty-four (24).

30. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

31. Defendant has violated Florida Statute §559.72(7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass the debtor.

32. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse the debtor.

33. Defendant has violated Florida Statute §559.72(9) by attempting to enforce a debt when it knows that the debt is not legitimate.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages for emotional and mental pain and suffering, fear, humiliation, embarrassment, frustration and loss of capacity for the enjoyment of life, costs, interest, attorney's fees pursuant to F.S. §559.77, and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Michael J. Vitoria, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 015334
MVitoria@forthepeople.com
AFloyd@forthepeople.com
KReynolds@forthepeople.com
Attorney for Plaintiff